In re A. H. ROBINS COMPANY, INCORPORATED, Debtor.

Employer's Tax Identification No. 54–0486348.

Martin A. WEISFUSE, Movant,

v.

Roxanna WAGNER, Respondent.

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

March 24, 1997.

Martin H. Weisfuse, Weisfuse & Weisfuse, New York City, for Movant.

Margaret F. Catalano, McElroy, Deutsch & Mulvaney, Morristown, NJ, for Roxanna Wagner.

Anne M. Glenn, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Movant Martin A. Weisfuse's ("Weisfuse") Motion To Set Attorney's Fees At 10% On Pro Rata Distributions. Respondent Roxanna Wagner ("Wagner") objects to the Motion. The Trust takes no position with respect to this matter. The parties have not asked to be heard on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Motion.

## I.

Weisfuse, an attorney of the law firm of Weisfuse & Weisfuse, was retained by Wagner in 1985 for the purpose of representing Wagner in her claim against the Trust. (Mot.¶3). Weisfuse states that the parties signed a contingency fee agreement whereby Weisfuse & Weisfuse was to receive one-third of Wagner's settlement. (Mot.¶3). Weisfuse submitted Wagner's claim to the Trust and in May 1994 the Trust offered to settle Wagner's claim for $152,703. (Mot. ¶4). Shortly before Wagner received this settlement offer from the Trust, she retained new counsel. (Resp.¶2). It appears that Wagner was unsatisfied with the legal services rendered by Weisfuse & Weisfuse and retained McElroy, Deutsh & Mulvaney to represent her in her fee dispute with Weisfuse. (Resp.¶2). In September 1994, Wagner and Weisfuse resolved their fee dispute, and Wagner terminated Weisfuse & Weisfuse as her counsel. (Resp.¶3).

Unfortunately, the Trust was not informed of Wagner's change in counsel. In accordance with the Trust's standard practice, Wagner's 60% pro rata payment, payable only to Wagner, was forwarded to Weisfuse & Weisfuse. Weisfuse, contending that he was entitled to a 10% fee from the pro rata distribution, forwarded 90% of the pro rata amount to Wagner and placed the remainder of the funds in escrow pending resolution of this matter. (Mot.¶7).[1]

## II.

Weisfuse's Motion asks that the Court enter an order setting Weisfuse's attorneys' fees at 10% on all pro rata payments sent to Wagner. In support of his Motion, Weisfuse relies on this Court's Order of March 1, 1995 Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (the "March 1 Order") (Docket No. 21865).[2] Weisfuse argues that in the March 1 Order, the Court determined that attorneys' fees of 10% of the total pro rata distribution is fair and reasonable compensation for the legal services rendered on behalf of a claimant. (Mot.¶12).

Weisfuse's reliance on the March 1 Order is misplaced. The March 1 Order did not state that counsel for claimants are *entitled* to a 10% fee. Instead, Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust ... *in excess* of ten percent of such pro rata distribution." (emphasis added). In short, the March 1 Order placed a ceiling, not a floor, on the amount of fees that an attorney may charge against a claimant's pro rata payment. Because the March 1 Order does not provide a basis for Weisfuse to retain 10% of Wagner's pro rata payments, the Court will deny Weisfuse's Motion.

## III.

In light of the Court's determination that the March 1 Order does not provide an entitlement to fees, but instead limits the fees which may be retained, the Court will enter an order directing Weisfuse to forthwith forward any funds retained by Weisfuse & Weisfuse from Wagner's pro rata distribu-

---

**1.** The 60% pro rata payment was for $91,621.80. Weisfuse has forwarded $82,459.62 to Wagner and has placed $9,162.18 in escrow. (Mot.¶ 6, 7).

**2.** This Court rejected all challenges to its jurisdiction to enter the March 1 Order. That ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit. *In re A.H. Robins Co. (Order Limiting Attorneys Fees),* 182 B.R. 128 (E.D.Va.1995), *aff'd,* 86 F.3d 364 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996).

tion. The Court will also require Weisfuse to provide proof of such disbursement to the Trust. To the extent that Weisfuse may be entitled, on some basis other than the March 1 Order, to additional compensation for services rendered on behalf of his former client, the Court finds that this dispute is a matter best left for the parties to resolve in another forum.

An appropriate Order shall issue.